**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**
www.flsb.uscourts.gov

In re:                                                                Case No: 15-16658-JKO
Leonard and Juliet Jackson                                            Chapter 13

_____Debtors_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

This Motion seeks to value collateral described below securing the claim of the creditor listed below.
_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1.   Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of Specialized Loan Servicing LLC, The Bank of New York Mellon Trust Company, N.A., successor to JPMorgan Chase Bank, N.A. as Indenture Trustee for Flagstar Home Equity Loan Trust 2006-2 (the "Lender"). Lender holds a mortgage recorded at OR Book 43855 Pages 1255-1295 in the official records of Broward County, Florida.

2.   The real property is located at 9554 Eden Manor, Pompano Beach, FL 33076, and is more particularly described as follows:

Lot 62, Block H, PARKLAND GOLF AND COUNTRY CLUB, REPLAT #2, according to the Plat thereof, recorded in Plat Book 174, Page 137-161, of the Public Records of Broward County, Florida.

LF-77 (rev. 08/01/11)

3. At the time of the filing of this case, the value of the real property is $390,000.00 as determined by <u>Steven R. Hall, Appraiser</u>.

4. <u>Caliber Home Loans</u> hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $<u>1,696,600.24</u>.

5. *(Select only one):*

    __X__ Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

    ____ Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____ .

6. The undersigned reviewed the docket and claims register and states (select only one):

    ____ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

    or

    __X__ Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is

classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**
　/s/ George W. Castrataro
George Castrataro, PA
707 NE 3rd Ave, Suite 300
Fort Lauderdale, Florida 33304
954-573-1444
954-573-6451
Help@Lawgc.com
By: /s/ George Castrataro, PA
George Castrataro, PA
Fla. Bar No. 0027575