

ORDERED in the Southern District of Florida on November 20, 2015.

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:
Leonard and Juliet Jackson                                Case No: 15-16658-JKO
                                                          Chapter 13

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY SPECIALIZED LOAN SERVICING LLC, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS INDENTURE TRUSTEE FOR FLAGSTAR HOME EQUITY LOAN TRUST 2006-2**

THIS CASE came to be heard on November 2, 2015 at 1:00 p.m. on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 54; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at

LF-92 (rev. 01/08/10)

9554 Eden Manor, Pompano Beach, FL 33076, and more particularly described as:

Lot 62, Block H, PARKLAND GOLF AND COUNTRY CLUB, REPLAT #2, according to the Plat thereof, recorded in Plat Book 174, Page 137-161, of the Public Records of Broward County, Florida.

is $390,000.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Caliber Home Loans (the "Lender") is $1,696,600.24.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on April 5, 2007 at OR BOOK 42855 Pages 1255-1295 of the official records of Broward County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

 ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely

LF-92 (rev. 01/08/10)

        filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    __X__ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ __341,472.77__, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
  /s/ George Castrataro, MPH, JD

Address:  707 NE 3rd Avenue, Suite 300
          Fort Lauderdale, FL 33304
Phone:   (954) 573-1444
E-mail: George@lawgc.com

Attorney George Castrataro is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)