

December 02, 2015

JULIET JACKSON
9551 EDEN MANOR
POMPANO BEACH, FL 33076

RE:    Loan Number:            ████████8624
       Property Address:       9551 EDEN MANOR
                               POMPANO BEACH, FL 33076

Dear Borrower(s),

Thank you for contacting Caliber Home Loans, Inc. ("Caliber") to obtain assistance for your above-referenced loan. Your request for a loan modification has been approved and will be finalized if Caliber receives the following from you **on or before *12/17/2015***:

1) A good faith payment in the form of certified funds in the amount of $14,877.03 which will be applied to the total amount due on your loan once the modification is processed.

2) Original copy of the enclosed Modification Agreement signed by each borrower who signed the original loan documents.

**The good faith payment and the signed Modification Agreement must be received by the date indicated above. Otherwise, the modification will not be completed, and Caliber may seek to pursue any and all rights under the Note and Security Instrument.** The good faith payment will not be posted to the account unless and until we receive the executed Modification Agreement.

**Loan Modification Review**

Based on our review of your financial circumstances, you are approved for the following modification: Loan Modification (With Deferment)

You were evaluated for mortgage payment assistance using the eligibility requirements of the investor / owner of your mortgage loan. These requirements for determining borrower eligibility for a loan modification include the use of a hierarchy evaluation approach under which a borrower who is eligible for a modification program higher in the hierarchy is ineligible for a modification program lower in the hierarchy, to the extent applicable.

Below is a summary of the loan modification options for which you were reviewed but deemed ineligible following the review set forth above:

| Product | Denial Reason |
|---|---|
| 5 Year Short Term | * Excessive obligations in relation to income. We are unable to offer you this loan modification option at this time because as of the date of your request, your current total monthly debts exceeded your gross monthly income. |
| 5 Year Interest Only | * Excessive obligations in relation to income. We are unable to offer you this loan modification option at this time because as of the date of your request, your current total monthly debts exceeded your gross monthly income. |

**Please note that your loan modification request was not evaluated based on other factors or criteria other than those referenced above.**

### Right to Appeal

You have the right to appeal our determination not to offer you the loan modification options listed above. If you would like to appeal, you must contact us in writing at the following address provided below, no later than *12/16/2015*, and state that you are requesting an appeal of our decision:

13801 Wireless Way
Oklahoma City, Oklahoma 73134

You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires *12/16/2015*. Any appeal requests or documentation received after *12/16/2015* may not be considered.

If you elect to appeal, we will provide you written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal. Any unpaid interest, and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage loan during the appeal, and will be added to the total amount due to bring your loan current.

If we determine on appeal that you are eligible for a loan modification, we will send you an offer and information on how to accept the offer. If you choose to accept the offer, you will be required to do so within 14 calendar days from the date of the appeal decision.

**Enclosed is a prepaid envelope for your convenience. We appreciate your urgent attention to this matter.**

If you have any questions regarding this information, or if you have any other concerns regarding your loan, please contact us toll free at (800) 401-6587 Ext:0. Our hours of operation are 8:00 a.m. - 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC DEPARTMENT
SPOC Department
Caliber Home Loans, Inc.

Enclosures

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

[Space Reserved for Recording Information]

## MODIFICATION AGREEMENT - FIXED WITH PRINCIPAL DEFERMENT

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of 12/3/2015 but effective as of the Modification Effective Date defined herein, by and between JULIET JACKSON (collectively, the "Borrower") and Caliber Home Loans, Inc., on behalf of the current Investor (the "Servicer").**

RECITALS:

A. Borrower has a mortgage loan, account number ▮▮▮▮▮▮8624 (the "Loan"). This loan is secured by property commonly referred to as 9551 EDEN MANOR, POMPANO BEACH, FL 33076 (the "Property"). The legal description to the Property may be attached to this Agreement by the Servicer if required.

B. Borrower signed the following documents in connection with the Loan:
- Note dated 3/30/2007 in the original amount of $1,000,000.00 (the "Note").
- Mortgage or Deed of Trust on the Property, recorded in real property records of BROWARD County, FL (the "Mortgage").
- The Note and the Mortgage, together with all documents signed at the same time as the Note and Mortgage are called the "Loan Documents".

C. The following amounts are outstanding under the terms of the Note:

| | |
|---|---|
| Unpaid Principal: | $1,000,000.00 |
| Unpaid Interest: | $502,579.56 |
| Other Unpaid Amounts: | $194,452.93 |
| Total: | $1,697,032.49 |

Included in the Other Unpaid Amounts is $0.00, the amount that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. This is known as the "Ancillary Amount".

D. Borrower is in default for failure to make payments or has demonstrated imminent default under the terms of the Note. Servicer has the right or may have the right to seek remedies for default pursuant to the terms of the Mortgage in order to recover amounts that remain outstanding under the terms of the Note.

E. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Mortgage.

Borrower and Servicer (collectively, the "Parties"), agree as follows:

1. **Borrower's Representations.** Borrower certifies that each of these statements is true:

    A. Borrower is experiencing a financial hardship and is either in default for failure to make payments on the Note or will shortly be in default. Borrower does not have sufficient income or access to sufficient liquid assets to make regular payments on the Note.

    B. The Property has not been condemned or is not subject to condemnation proceedings.

    C. There has been no change in the ownership of the Property since the time the Loan Documents were signed.

    D. Borrower has given Servicer information, all of which is true and accurate, regarding Borrower's income and/or liquid assets (with the exception of any information regarding Alimony and Child Support payments, unless the Borrower wants the Servicer to consider that to be income).

  E. All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct.

  F. Borrower will obtain credit counseling within 30 days of this agreement if the Servicer requires it. Borrower will provide proof of credit counseling if required by Servicer.

2. **Conditions to Effectiveness of Agreement.** This Agreement will only be effective after each of these events happen:

  A. Borrower must sign and return a signed original of this Agreement to Servicer on or before 12/17/15 .

  B. Servicer, when it receives this Agreement, will verify the accuracy of Borrower representations.

  C. If the Servicer (in its sole discretion) determines that Borrower's representations are accurate, then Servicer will execute this Agreement and it will become effective as of (the "Modification Effective Date"). If the Servicer determines that the Borrower's representations are not accurate, then the Servicer will notify the Borrower and this Agreement will not become effective.

3. **Modification of the Loan Documents.** If all the conditions outlined above are met, then your Loan is modified as follows:

   Summary of Modification: We may reduce the balance on which interest is accruing and we may permanently lower the interest rate of your Note. Certain amounts are deferred, meaning that the amounts remain outstanding under the terms of the Note, but they will be collected by the Servicer at a later date.

   | | |
   |---|---|
   | New Principal Balance: | $725,000.00 |
   | New Interest Rate: | 3.000% |
   | New P&I Payment: | $2,595.39 |
   | Monthly Escrow Payment: | $2,363.62 |
   | Ancillary Monthly Payment: | $0.00 |
   | Total New Monthly Payment: | $4,959.01 |
   | Deferred Amount: | $971,204.37 |
   | New Maturity Date (if applicable): | 12/1/2055 |
   | Modification Effective Date: | 12/1/2015 |
   | First Modification Payment Date: | 1/1/2016 |

   These Definitions apply to the categories above:

   **New Principal Balance:** This is the principal balance Servicer has agreed to use for this modification and is used to calculate your payment. This is the principal balance upon which interest will continue to accrue.

   **New Interest Rate:** This is the interest rate that will be in effect under this Agreement. This rate is "fixed" and will not change. Any provision in the Loan Documents that allows for a change in your interest rate is cancelled.

   **New P&I Payment:** This is the monthly principal and interest payment for your Loan based upon the New Principal Balance, New Interest Rate and the number of months to the New Maturity Date. Because the interest rate is "fixed" and will not change, this amount will not change so long as this Agreement is in effect.

   **Monthly Escrow Payment:** This is your monthly payment into an escrow account and this amount is calculated in accordance with the Loan Documents and State and Federal law. This amount may change from time to time if escrow items (primarily taxes and insurance) increase or decrease.

   **Ancillary Monthly Payment:** This includes some or all amounts that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. Servicer has spread the repayment Ancillary Amounts over a period of ____ months.

**Total New Monthly Payment:** This is the sum of the New P&I Payment, Monthly Escrow Payment and Ancillary Monthly Payment.

**New Maturity Date:** This is the date on which the Note matures.

**Modification Effective Date:** This is the date that interest begins to accrue at the rate set forth in this Agreement.

**First Modification Payment Date:** This is the date on which your first modified payment is due.

**Deferred Amount:** The Deferred Amount consists of amounts that are outstanding under the terms of the Note and Loan Documents, but which Servicer has agreed to not collect until payment in full of the debt or the New Maturity Date, whichever happens first. The Deferred Amount may consist of some principal, and can consist of interest outstanding but not paid, outstanding Servicer fees or charges, and advances made by the Servicer.

**PLEASE NOTE: The Deferred Amounts will be collected by the Servicer at the earlier of payment in full of the Note or the New Maturity Date. If the Borrower sells the Property or refinances the Loan, the Borrower will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts will remain outstanding on the New Maturity Date and are required to be paid at that time. This means that if the Borrower makes all the payments required by this Agreement the Deferred Amount will still be owed to Servicer.**

4. **Events of Default.** Borrower will be in default and Servicer may terminate this Agreement, if:

    A. Borrower fails to make any payments required by this Agreement within 15 days of any due date for a payment, or

    B. Borrower fails to comply with any other terms or conditions created by this Agreement or the Loan Documents.

5. **Additional Agreements.** The Parties further agree to and acknowledge each of the following:

    A. All persons who signed the Loan Documents must sign this document in person or by an authorized representative (unless an original signor is deceased). Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

    B. This Agreement takes the place of any other agreement that Borrower may have or have had in the past with Servicer including any prior modification or forbearance agreements.

    C. This Agreement constitutes notice that any waiver by the Lender, Noteholder or Servicer as to payment of taxes, insurance and other escrow items has been revoked. Where allowed under the Loan Documents, this Agreement established an escrow account for the Loan and Borrower will make monthly payments to an escrow account established by Servicer. These payments will be calculated as required by the Loan Documents. Servicer will not pay Borrower interest on the escrow deposit unless required by State or Federal law.

    D. The Loan Documents are properly and duly executed by all parties who were required to execute them and are a valid, binding obligation of the parties to those documents, and each Loan Document is enforceable in accordance with its terms.

    E. Except as specifically modified by this Agreement, the terms of the Loan Documents are in full force and effect. This Agreement does not replace or release any of the Loan Documents, except as specifically modified by this Agreement.

F. If the Property is sold, transferred or conveyed to any person or entity without the consent of the Servicer, then if allowed by State or Federal law, Servicer may terminate this Agreement, and require that the balance of the Note together with any fees and other unpaid amounts be repaid in full (meaning that Servicer can accelerate the Note.) In this event, Servicer will give you thirty (30) days notice of Acceleration and if the Note has not been paid in full after that time, Servicer may pursue the remedies in the Mortgage, including foreclosure.

G. Borrower may not assign and no person other than the Borrower may assume Borrower's rights under this Agreement or the Loan Documents.

H. The Servicer may choose to waive a default under this Agreement or the Loan Documents, but a waiver of any event of default will not be understood to waive similar defaults in the future or other defaults that may occur.

I. Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

J. Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

K. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the First Modification Payment Date, then these amounts will either become Deferred Amounts under the Loan Documents or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

L. Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

M. Borrower is advised that forgiveness of debt (if applicable) may have adverse credit and legal consequences and may result in taxable income to Borrower. Borrower is advised to seek advice from an attorney, certified public accountant or other expert regarding potential consequences of any principal reduction. Borrower hereby acknowledges that Servicer is giving Borrower no such advice.

N. To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement, (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy), or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may need to be approved by the Court.

**NOTICES TO CONSUMERS PRESENTLY IN BANKRUPTCY OR WHO HAVE A BANKRUPTCY DISCHARGE:**

**In the event you are subject to an "Automatic Stay" issued by a United States Bankruptcy Court, this communication is not intended to collect, assess, or recover a debt.**

**In the event the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect, assess, or recover a debt, does not alter or amend the terms of that discharge, and is not a "reaffirmation" of the debt. Nor does this communication constitute either a demand for payment or a notice of personal liability.**

Unless the Bankruptcy Court has ordered otherwise, please also note that despite any Bankruptcy filing, whatever rights we hold in the Property that secures the obligation remain unimpaired. This means that, unless otherwise ordered by the Bankruptcy Court, if the requirements of the Loan Documents are not met and the "Automatic Stay" is no longer in effect, we can pursue whatever *in rem* rights we hold in the Property pursuant to the Mortgage, such as the right to foreclose.

This notice is not intended as legal advice. You should consult your lawyer if you have any legal questions about your rights.

### BALLOON PAYMENT DISCLOSURE

This Modification Agreement defers certain amounts, which creates a balloon that will be collected by the Servicer at the earlier of payment in full of the Note or the maturity date. Because these amounts are not included in your regular scheduled payments, even if you make all payments required by this agreement, the loan will not be paid in full at maturity. You therefore may be required to pay the entire outstanding balance in a single payment at the loan maturity date. Neither the Servicer nor Lender has any obligation to refinance or to offer you a new loan at maturity. You may have to seek new third-party financing and incur other additional financing costs at the time the balloon becomes due.

Whereof, Servicer and Borrower have executed this Agreement as of the dates indicated below.

_____
JULIET JACKSON

Date: 01/22/2016

Account Number: ████████8624

Caliber Home Loans, Inc., on behalf of the current investor

By: _____

Date: _____

Fiserv (ADMIN/ADJUST - LOAN INFORMATION)                                                  Page 1 of 1

Previous  **Current**  Next

**ADMIN/ADJUST - LOAN INFORMATION**   867  11/10/2015  7:23:33 PM ET  PFSP507

| Field | Value | Field | Value | Field | Value |
|---|---|---|---|---|---|
| Account Number | 8624 | Namekey | JACKSON J 551 | Ovride | 0 |
| Rate Change Code | . | Effective Date | 11/10/15 | Regulatory Table ID | |
| Esc Int: Entry Code | 0 | Entry Sub Code | 0 | State Code | 10 |
| IOE Elig/PCI | Y / -9999.999 | Pay Esc Int | 0.00 | Regulatory State Code | 0 |
| Paid To Date | 05/01/08 | Int Rate | 6.62500 | Next Bill Dt | 12/10 |
| P&I Pymt | 5520.83 | Esc Pymt | 8368.17 | Sv Chg Amt | 0.00 |
| Ext Int | 0.00 | Repl Resv | 0.00 | Asst Amt | 0.00 |
| Uncoll Ins | 0.00 | Uncoll Int | 0.00 | Uncol Late Chg | -828.12 |
| Defer Prin | 0.00 | Defer Paid Exp | 0.00 | Defer Unpaid Exp | 0.00 |
| Defer Mod Int | 0.00 | Defer Fees | 0.00 | Defer Late Chrg | 0.00 |
| Defer Esc | 0.00 | | | | |
| Defer Skip Int | 0.00 | Dcnt Term | 0 | Dcnt ($) | 0.00 |
| Dcnt (%) | 0.0000 | Unea Dcnt | 0.00 | Last Payment Dt | 05/01/08 |
| Market Rate | 6.63000 | Init Stmt | N | Last Full Pymt Dt | 00/00/00 |
| Billed Esc | 0.00 | Employee Code | | Registered With Mers | N |
| Clos Esc Bal | 0.00 | Clos Esc Pmt | 0.00 | Mom Loan Indicator | Y |
| Extended Term | 0 | Convert To Fixed Rate | N | Mers Register Dt | 00/00/00 |
| Reason Code | AA | | | Min | 0071 |
| Maturity Date | 04/2037 | Auto Terminate PMI | | | |
| P&I Shtg/Cap | 0.00 / 0.00 | | | Approval Date | 00/00/00 |

**Message:**                                              OK  INQUIRY ONLY

**Command:** [                                                              ]   Submit  Reset  PrintAll

**Processing Mod Checklist**

1st lien only __X__        Standard 2nd lien _____   1st & 2nd _____        HELOC ___ (FIXED MOD ONLY)

Pend Check: Mod Permitted: **Yes** ☒ **No** ☐  MGR approval (do not mod) **Yes** ☐ **No** ☐ **NA** ☒  BK Dept instructions (CIT 771) **Yes** ☒ **No** ☐ **NA** ☐

Bwrs Name: __Juliet Jackson_____  Loan No.: ████████8624  Complete Tsk 1037 **Yes** ☒ **No** ☐
Validate all names on the deed of trust/mortgage are on the LM agreement **Yes** ☒ **No** ☐ **NA** ☐
Does unpaid principal balance in Fiserv match New Principal Balance on LMA **Yes** ☒ **No** ☐ **NA** ☐ (check NA if Principal Deferral or HHF)
LTV: __172.41__  Stand Alone ☒ Comb ☐  Does the 1st & 2nd combine LTV match **Yes** ☐ **No** ☐ **NA** ☒  Investor __20067__
Fiserv Neg escw? **No** ☒ **Yes** ☒ is escw added? **Yes** ☒ **No** ☐  Escw Base Only **Yes** ☒ **No** ☐ **NA** ☐ Is Neg Escw /Ancil deferred? **Yes** ☒ **No** ☐ **NA** ☐
Review CUST FEE REV for fee type 163,164 and 165; if fees accrued approval page should show ancil pmt or fees deferred ☒

Escw Payment: Prevs: $ __2182.00__ New: $ __2363.62__  Ancil Amt: Previous: $ __0__  New: $ __0__
Is Esc calculation sheet figured on 36 months **Yes** ☐ **No** ☒ **NA** ☐
Approval if other than 36 months **Yes** ☒ **No** ☐ **NA** ☐ (other fund 6/fund 7 can be 60 months)
Is Due Date more than 15 days out **Yes** ☒ **No** ☐   GF Payment: **Yes** ☒ **No** ☐ Amount: $ __14,877.03__
Ancillary months added to agreement **Yes** ☒ **No** ☐   Have ALL 3 STM TPP payments been made **Yes** ☐ **No** ☐ **NA** ☒
P&I Amt: **Yes** ☒ **No** ☐ Next Due Date: **Yes** ☒ **No** ☐   Rate Amt: **Yes** ☒ **No** ☐ Does Mat Date on agreement match terms? **Yes** ☒ **No** ☐

Max Maturity dates – Maturity date cannot exceed the following dates.
Verify MAX MATURITY dates on THORNBURG accounts (see Mod Authority Matrix Quick Reference)
**Investor 22300** 02/25/2032 **Investor 22400** 07/25/2032 **Investor 22500** 06/01/2033 **Investor 22600 & 22700** 10/01/2037
For Investor **22300, 22400, 22500, 22600, 22700, 15200, 15300, 15400, 28600, 28700** Current Term: If less than 24 months mod must be fixed. All other investors: If less than 60 months mod must be a fixed mod: **Yes** ☐ **No** ☐ **NA** ☒

**Baltic Loans (NEG AM and Option ARMS)** Ensure all of these loans reviewed are underwritten with an amortizing fixed rate term. Check the contract# and name on the ARM/LOAN analysis screen. **Yes** ☐ **No** ☐ **NA** ☒

If there was a previous STEP MOD current mod **cannot** be interest only **Yes** ☐ **No** ☐ **NA** ☒

**Principal Deferral: Yes** ☒ **No** ☐ **Amount: $ __275,000__**   Defer Prin Percent __27.500__ %
Does Prin Deferred Amount Match agreement ☒ // 2yr Prin Defer verify the current mod type is NOT a H or D
Prin Defer amount w/in Approver's authority **Yes** ☒ **No** ☐ // Resume payment on 2 yr Prin Defer? **Yes** ☐ **No** ☒
Temp w/PD: Solve-It for resume payment? **Yes** ☐ **No** ☒ // Does Mat Date on Agreement match Terms? **Yes** ☒ **No** ☐

**Interest Only Mod** Interest Method CAN NOT be 20-24 ☐
Does Mat Date on Agreement match Terms? **Yes** ☐ **No** ☐ *Watch for Balloon Dates: Fixed/Steps can exceed Balloon

**Step Mods:** None of the steps go over original note rate or cap rate of 8%: **Yes** ☐ **No** ☐ **NA** ☐
Escrow included on Step Mod **Yes** ☐ **No** ☐ (ok if it's a 2nd Mtg) Does Mat Date on Agreement match Terms? **Yes** ☐ **No** ☐

Loss Work Task 1048 completed by Analyst **Yes** ☒ **No** ☐

**MLO Authority Signature:** **Yes** ☒ **No** ☐ **NA** ☐

**Loss Mit Analyst Approval: Yes** ☐ **No** ☐ LTV >80%; can approve rate reduction down to investor floor on 1st MTG; cannot approve rates below 1% (fund 6 only); can approve principal deferral per the Caliber Authority Matrix; cannot approve if FC sale scheduled and there is no hold

**Loss Mit Manager Approval: Yes** ☐ **No** ☐   Delegation of Authority Attached: signature dated: **Yes** ☐ **No** ☐ **NA** ☐
LTV >60%; can approve rate reduction down to investor floor on 1st MTG; cannot approve rates below 1%; can approve principal deferral per Caliber Authority matrix

**Loss Mit AVP Approval: Yes** ☐ **No** ☐   Delegation of Authority Attached: signature dated: **Yes** ☐ **No** ☐ **NA** ☐
LTV ≤60%; can approve rate reduction down to investor floor on 1st MTG; cannot approve rates below 1%; can approve principal deferral per the Caliber Authority Matrix

**Loss Mit VP Approval:** **Yes** ☐ **No** ☐
Cannot approve rates below 1%; can approve principal deferral per the Caliber Authority Matrix

**(APT) Hudson Approval: Yes** ☒ **No** ☐   Does APT approval Match Underwriters Recommendation ☒
Must approve all Caliber Authority Matrix Exceptions; DTI exception: CIT 910 **Yes** ☒ **No** ☐ **NA** ☐

**Contacted Borrower: Yes** ☐ **No** ☒ **If No:**  ☒ Bankruptcy ☒ Cease & Desist ☐ Mediation  **Commented Fiserv:** **Yes** ☒ **No** ☐

**PROCESSING:** Mediation ☐   Litigation ☐   Returned to Underwriter/uploaded to folder **Yes** ☐ **No** ☐ **NA** ☒
BK (772) Court approval **Yes** ☒ **No** ☐ **NA** ☐ /uploaded to Carbon Copy **Yes** ☒ **No** ☐ **NA** ☐
Complete in loss work by auditor tsk 1049: **Yes** ☒ **No** ☐

**Need letters:**
Write in expiration date on Mod to match return date on GFP letter? **Yes** ☒ **No** ☐  GF Letter: **Yes** ☒ **No** ☐
Notary/borrower ACK on NY/OH loans: **Yes** ☐ **No** ☐ **NA** ☒ (specific form for NY/OH ID criteria required) Witness State **Yes** ☐ **No** ☐ **NA** ☒
BERMUDA: **Yes** ☐ **No** ☐ **NA** ☒ (INVESTORS 10100, 10700, 26800, 26900)
If applicable (CUS LOAN/loan type = 8) is PMI/MI letter attached **Yes** ☐ **No** ☐ **NA** ☒
CUST USER field 100 if **Yes** ☐ forward to our attorney to send; if **No** ☐ or blank **NA** ☒ send out to borrower
Complete in loss work by auditor tsk 1034 **Yes** ☐ **No** ☒ **NA** ☐ Notated Fiserv: **Yes** ☒ **No** ☐

**Audited By:** ___[signature]___    **Audit Date:** __12__ / __3__ /2015

Updated 10/26/2015