UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

                                    Case No. 15-16658-JKO
                                    Chapter 13

Leonard Jackson
Juliet A. Jackson,

      Debtors.
_____/

**DEBTORS' EMERGENCY MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 13 CASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND 11 U.S.C. § 105**
**(In order to avoid foreclosure proceedings)**

COMES NOW, Debtor, Leonard Jackson and Juliet A. Jackson, by and through undersigned counsel and requests this Honorable Court for an Order Vacating Dismissal Order and Reinstating the Chapter 13 bankruptcy case, and in support thereof, states as follows:

1) The case was filed in the Southern District of Florida on April 13, 2015 and assigned to the Honorable John K. Olson.

2) The Debtors' Fourth Amended Chapter 13 Plan was confirmed on December 17, 2015.

3) On July 14, 2016, Trustee issued a Notice of Delinquency (DE# 82).

4) Case was dismissed for failure to correct the delinquency on September 6, 2016.

5) Debtor's Attorney is currently holding $13,607.22 in trust to bring the Debtor's plan payments current. The Debtor has submitted funds to the Debtor's Attorney as required by the Bankruptcy courts and will be submitting payment upon Reinstatement.

6) The Court has the authority to grant the relief sought herein pursuant to Federal Rule of Bankruptcy Procedure 9023 and 11 U.S.C. section 105.

7) Federal Rule of Bankruptcy Procedure 9023 adopts and applies Federal Rule of

Civil Procedure 59(e) in determining the merits of amending a judgment to vacate a dismissal order and reinstate the bankruptcy case for motions that are filed within ten (10) days after entry of the judgment. FED. R. CIV. P. 59(e).

8) In addition, the Bankruptcy Code grants the Court broad powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code 11 U.S.C. section 105.

9) To prevail on a Rule 59(e) motion the Debtor must show one of the following for amending the judgment: (1) accommodate an intervening change in controlling law, (2) to account or new evidence not available at trial, or (3) the amendment is necessary to prevent manifest injustice. U.S. v. Westinghouse Savannah River Co., 305 F. 3d 284, 290 (4th Cir. 2002). The standard for a Motion filed under Federal Rule of Civil Procedure 59 is less stringent than a motion filed under Federal Rule of Civil Procedure 60. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990) (to reopen a case under FRCP 59(e), movement is not required to make showing of mistake or inadvertence as under FRCP 60).

10) In this case the Debtor does not contend there is an intervening change in the law or to account for new evidence not available at trial.  However, the Debtor does contend that this Court should grant the Motion to Vacate Dismissal Order and Reinstate Chapter 13 in order to prevent manifest injustice.  Determining whether a "manifest injustice" will occur if there is no amendment is an equitable remedy.  For equitable remedies, the Court is given great discretion.

11) The Court has broad powers to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. section 105. The purpose of the Bankruptcy Code is to allow honest debtors with a fresh start. The Debtors mistakenly sent a personal check in the good faith attempt to comply with the Trustee's request

for the required plan payment.  This is not a case of irresponsible indifference toward the Bankruptcy procedure, but a slight oversight that was cured immediately.

12) The Debtors' attorney would like the courts to highly consider reinstatement of the debtor's bankruptcy case.

**WHEREFORE**, Debtors pray this Honorable Court issue an Order Vacating Dismissal and Reinstate this Chapter 13 case and allow the case to proceed through the Bankruptcy courts.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished by United States mail and/or via email in pdf format this 9th day of September, 2016 upon: those named on the attached Service List in the manner identified therein. Respectfully submitted this 9th day of September, 2016.

RESPECTFULLY,
/s /
George Castrataro, MPH, JD
FL Bar# 0027575
The Law Offices of George Castrataro, PA
707 NE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33304
954-573-1444 Office
954-573-6451 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 9th day of September, 2016, served a true and correct copy of the foregoing Motion has been furnished by electronic mail to all parties on the ECF service list this 4th day of October, 2014.

RESPECTFULLY,
/s
George Castrataro, MPH, JD
FL Bar# 0027575
The Law Offices of George Castrataro, PA
707 NE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33304
954-573-1444 Office
954-573-6451 Fax